| |
|---|
| **Pierre v New York City Dept. of Educ.** |
| 2024 NY Slip Op 30943(U) |
| March 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650946/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**

*Justice*

PART 14

-----------------------------------------------------------------------------X

DAVID PIERRE

Petitioner,

- v -

NEW YORK CITY DEPARTMENT OF EDUCATION,

Respondent.

-----------------------------------------------------------------------------X

INDEX NO. 650946/2022

MOTION DATE 07/18/2022[1]

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Respondent's cross-motion to dismiss the petition, which seeks to vacate a determination

by respondent to terminate petitioner, is granted.

**Background**

Petitioner started working for respondent as a substitute teacher in the 2001-02 school

year. He eventually worked as a full-time tenured teacher and is certified to teach both

Chemistry and Health. Petitioner admits that for three years (2016-2019) he received a

"Developing" rating as a teacher. He emphasizes that he received an "Effective" rating for

measures of student learning (which is based on student outcomes) but a "Developing" rating for

his teacher performance. Teacher performance is evaluated by administrators who draft

evaluations after observing teachers.

---

[1] Although this case was assigned to the undersigned a few days ago, the Court acknowledges that is has been floating around the courthouse for far too long. On behalf of the court system, the Court apologizes for the absurd delay in deciding this case.

**650946/2022   PIERRE, DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION            Page 1 of 7
Motion No.  001**

[* 1]

Petitioner strenuously objects to the evaluations he received from the administrators that observed him in the classroom. He insists that these observations were marred by procedural and substantive defects, including that certain classrooms lacked labs (even though it was a science class) and that he never received a teacher improvement plan as required. He stresses that during the subject three years (where he worked at different schools), he was provided assistance from administrators that were not certified in his field of teaching and was assigned to professional development groups with teachers who did not teach his subjects.

Respondent issued nine separate charges against petitioner arising out his poor performance reviews. These included, but are not limited to, the failure to submit weekly lesson plans, a lack of professionalism, failing to have two labs a week, the failure to adhere to a plan of assistance, failing to comply with the school's grading system, the failure to execute lessons in connection with 12 observations and the failure to implement directives (*see* NYSCEF Doc. No. 3 at 4-6). An 11-day hearing followed (NYSCEF Doc. Nos. 4-14) and respondent then issued an over 80-page decision terminating petitioner (NYSCEF Doc. No. 3).

Respondent provides a different account of petitioner's teaching abilities. It insists that the Hearing Officer rationally found that petitioner failed to provide his students with an appropriate educational experience and that his performance did not improve despite attempts to remediate the issues.

In reply, petitioner blames the chaotic environment at the first school he worked at (Urban Assembly, which was subsequently closed) and the lack of functioning labs or textbooks at a subsequent school at which he taught. He questions the contradiction between his student outcomes and the poor ratings he received from his supervisors. Petitioner contends that the nine

650946/2022  PIERRE, DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION
Motion No. 001

Page 2 of 7

2 of 7

[* 2]

charges are largely redundant and repetitive and simply pile on a teacher in order to revoke his tenure.

He argues that each of the witnesses who testified for respondent at the hearing (various principals and assistant principals) failed to provide persuasive evidence to justify his termination. For instance, petitioner observes that one supervisor simply parroted the observation reports without providing any independent recollection of petitioner's performance.

Petitioner stresses that the first school he worked at (Urban Assembly) had well known disciplinary issues and that he should not be punished for this general dysfunction. He blames the school administrators for the students' overall lack of discipline. At another school (Kingsbridge Academy), he argues that the supervisor who evaluated him was not licensed in Chemistry and was therefore incapable of providing him the resources necessary to aid his improvement. Petitioner insists that even if the charges could be sustained, the penalty of termination is excessive and should be vacated.

**Discussion**

"Education Law § 3020-a(5) provides that judicial review of a hearing officer's findings must be conducted pursuant to CPLR 7511. Under such review an award may only be vacated on a showing of misconduct bias, excess of power or procedural defects" (*Lackow v Dept. of Educ. [or Board] of City of New York*, 51 AD3d 563, 567, 859 NYS2d 52 [1st Dept 2008]) [internal quotations and citation omitted]. "[W]here the parties have submitted to compulsory arbitration, judicial scrutiny is stricter than that for a determination rendered where the parties have submitted to voluntary arbitration" (*id*. at 567). The hearing officer's "determination must be in accord with due process and supported by adequate evidence, and must also be rational and

**650946/2022   PIERRE, DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION**          **Page 3 of 7**
  **Motion No.  001**

3 of 7

satisfy the arbitrary and capricious standards of CPLR article 78. The party challenging an arbitration determination has the burden of showing its invalidity" (*id*. at 567-68).

The Court's primary task in this proceeding is to evaluate the Hearing Officer's rationale in terminating petitioner. The Hearing Officer thoroughly evaluated each of the observed lessons and sustained the charges against petitioner. For instance, for the February 13, 2017 observed lesson, she noted that she found witness testimony from one of petitioner's supervisors (Mr. Pichardo) credible, stating that "I credit Pichardo's testimony [that] students were yelling, cursing, lifting furniture, throwing clothing around the room, and engaging in horseplay during the lesson. In addition, I credit Pichardo's testimony [petitioner] failed to differentiate instruction, utilize effective questioning techniques, assess or engage students in the lesson" (NYSCEF Doc. No. 3 at 48). She discounted petitioner's claim that he properly grouped students and noted that Mr. Pichardo's observation revealed that "nearly all students were on their cell phones at one point during the lesson" (*id*.). The Hearing Officer noted that petitioner admitted that "he never went to the administration or the Dean to refer students for discipline, and he failed to contact parents to seek involvement in addressing the disciplinary concerns (*id*. at 48-49).

During another observation in February 2018, the Hearing Officer concluded that "the weight of the credible evidence was [Petitioner] delivered a lesson lacking in rigor that was unconnected to the curriculum and with learning tasks not designed to engage students in active thinking" (*id*. at 54). She noted that only four of the eighteen students in class actually participated in the discussion (*id*. at 54-55). The Hearing Officer's discussion of an observation in April 2019, noted that "there was general chaos in the room" (*id*. at 60).

650946/2022  PIERRE, DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION
Motion No. 001

Page 4 of 7

4 of 7

The Hearing Officer also explored petitioner's failure to provide his students with appropriate feedback as he was only grading the completion of tasks and assignments rather than the mastery of the subjects (*id*. at 62-63). She also sustained a charge based on petitioner's failure to submit weekly lesson plans (*id*. at 65).

After sustaining each of the charges, the Hearing Officer addressed the appropriate penalty (*id*. at 78). She maintained that "I further find [petitioner] failed to consistently implement directives, recommendations, counsel, instruction and professional development from observational conferences, action plans, inter-visitations and professional development sessions on a number of instances during the charged school years. Accordingly, I find the [petitioner] engaged in incompetent and inefficient service and there is just cause to discipline the [petitioner]" (*id*. at 79).

"As the record in this case demonstrates, [petitioner] was repeatedly cited for deficiencies in planning and executing his lessons in a coherent manner, failing to use questioning and discussion techniques which challenged students and required critical thought, and failing to properly implement classroom management techniques on a consistent basis, among many other things such as failing to differentiate instruction. Despite extensive efforts to remediate [petitioner]'s pedagogy, [petitioner] was never able to correct any of the deficiencies in his pedagogy" (*id*. at 78-79).

The Hearing Officer found that petitioner routinely declined additional support, failed to follow his assigned curriculum and failed to take the appropriate steps to manage his classroom (such as posting classroom rules) (*id*. at 82). She also noted that petitioner was directed to provide about 10 lesson plans in advance of meetings with a supervisor regarding his improvement but that he typically only brought a single lesson plan or none at all (*id*.). She

650946/2022  PIERRE, DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION
Motion No. 001

Page 5 of 7

[* 5]

concluded that "Accordingly, I find [petitioner] is not capable of providing a valid educational experience for students assigned to his classroom. For the reasons set forth in this Opinion and Award, I find [petitioner] is either unwilling or incapable of providing a valid educational experience for his students and termination is the only appropriate remedy" (*id*. at 84).

The Court sees no basis to annul the Hearing Officer's well-reasoned decision. The Hearing Officer evaluated each and every charge lodged against petitioner and cited to relevant witness testimony in support of her conclusions. "A hearing officer's determinations of credibility, however, are largely unreviewable because the hearing officer observed the witnesses and was able to perceive the inflections, the pauses, the glances and gestures—all the nuances of speech and manner that combine to form an impression of either candor or deception" (*Lackow*, 51 AD3d at 568). It is not this Court's role to second guess the credibility determinations of the Hearing Officer especially where, as here, there is no suggestion that the witness testimony was "incredible as a matter of law" (*id*.). To be sure, petitioner clearly disagrees with the observation reports issued by his supervisors and the testimony offered by these individuals at the hearing. But that disagreement is not a basis to vacate the Hearing Officer's decision.

With respect to the penalty of termination, "The standard for reviewing a penalty imposed after a hearing pursuant to Education Law § 3020–a is whether the punishment of dismissal was so disproportionate to the offenses as to be shocking to the court's sense of fairness" (*id*. at 569). The Court is unable to find that termination shocks any sense of fairness. The Hearing Officer detailed that petitioner received poor ratings for three consecutive years and that he never embraced the assistance offered by his supervisors.

As noted above, petitioner routinely failed to come to support meetings with lesson plans as requested (NYSCEF Doc. No. 3 at 82). The Hearing Officer noted another example where

650946/2022   PIERRE, DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION                    Page 6 of 7
  Motion No.  001

6 of 7

petitioner was asked to prepare a spreadsheet outlining his student's progress in completing required labs (*id*.). "It took over five (5) weeks for [petitioner] to prepare such a spreadsheet and by then, students were so far behind, [a supervisor] was required to take over [Petitioner]'s class for a week to facilitate lab completion" (*id*. at 82-83). Simply put, there was ample basis to support both the charges and the penalty of termination.

Accordingly, it is hereby

ORDERED that the cross-motion by respondent to dismiss is granted; and it is further

ADJUDGED that the petition is dismissed and the Clerk is directed to enter judgment accordingly along with costs and disbursements upon presentation of proper papers therefor.

| 3/20/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

650946/2022   PIERRE, DAVID vs. NEW YORK CITY DEPARTMENT OF EDUCATION        Page 7 of 7
Motion No.  001

7 of 7

[* 7]